1 | ADAM WANG (SBN: 201233)
2 | DAL BON AND WANG
  | 12 S FIRST STREET #613
  | SAN JOSE, CA 95113
  | Tel: 408-292-1040
3 | Fax: 408-292-1045

FILED

E-FILING

2007 NOV 13 P 12: 04

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
S1
(8)

4 | ATTORNEY FOR PLAINTIFFS

ADR

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MING-GUI LI, CHI-POE HSUEH, KING KENUNG LAM, GUAN YU LI, YEN SHIUNG HUANG

    Plaintiffs,

vs.

OKRA Inc., dba CAFE OPHELIA, HSIU YUN HUANG, does 1-10

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No: C07 05731 PVT

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:
1) Violation of California Labor Code Section 510;
2) Violations of the Federal Fair Labor Standards Act;
3) Violation of California Labor Code Section 201
4) Violation of California Business and Professions Code Section 17200;
5) Violation of California Labor Code Section 226;
6) Violation of California Labor Code Section 226.7

**NATURE OF CLAIM**

1. This is an action on behalf of MING-GUI LI ("LI"), GUAN YU LI ("YU LI"), YEN SHIUNG HUANG ("HUANG"), CHI-POE HSUEH ("HSUEH") and KING KENUNG LAM ("LAM") all of whom had been employed on a salary basis by OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, and DOES 1-10 ("OPHELIA") during the four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California

COMPLAINT - 1

Wage Orders and statutes. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, failure to provide meal/rest periods under California Labor Code Section 226.7, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**PARTIES**

2. At all times relevant herein, Plaintiff LI is an individual resident of San Jose, California.

3. At all relevant times herein, Plaintiff HSUEH is an individual resident of San Francisco, California.

4. At all relevant times herein, Plaintiff YU LI is an individual resident of San Jose, California.

5. At all relevant times herein, Plaintiff HUANG is an individual resident of San Jose, California.

6. At all times relevant herein, Plaintiff LAM is an individual resident of San Jose, California.

7. At all times relevant herein, Defendant OPHELIA is a business of unknown organizational structure in Milpitas, California.

8. Individual Defendants HSIU YUN HUANG and DOES 1-10, at all times relevant herein, are, according to information and belief, officers, owners, or employees of OKRA INC., dba CAFE OPHELIA, having control over the Plaintiffs' work conditions and work situations.

## GENERAL ALLEGATIONS

9. At all times relevant herein, Plaintiffs were employees of defendants OKRA INC., dba CAFE OPHELIA, a restaurant.

10. Plaintiffs were according to information and belief, employees of Defendants acting in the normal course and scope of employment duties with Defendants.

11. During the course of Plaintiffs' employment with OKRA INC., dba CAFE OPHELIA, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

12. Plaintiffs were paid on salaries.

13. Plaintiffs did not perform "exempt" duties in their position with OKRA INC., dba CAFE OPHELIA and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs were not even marginally responsible for management or administrative functions, and their primary jobs did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

14. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of OKRA INC., dba CAFE OPHELIA where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate in the development of general administrative policies of OKRA INC., dba CAFE OPHELIA.

15. Individual defendants OKRA INC., HSIU YUN HUANG, and DOES 1 through 10, inclusive, are liable for the acts of CAFE OPHELIA as the alter egos of CAFE OPHELIA Recognition of the privilege of separate existence would promote injustice because these

individual defendants have in bad faith dominated and controlled CAFE OPHELIA. Plaintiffs are informed and believe, and thereon allege, that Defendants DOES 1 through 10, inclusive, have:

   a. Commingled funds and other assets of CAFE OPHELIA and their funds and other assets for their own convenience and to assist in evading the payment of obligations;
   b. Diverted funds and other assets of CAFE OPHELIA to other than corporate uses;
   c. Treated the assets of the CAFE OPHELIA as their own;
   d. Failed to obtain authority to issue shares or to subscribe to issue shares of CAFE OPHELIA;
   e. Failed to maintain minutes or adequate corporate records of CAFE OPHELIA;
   f. Failed to adequately capitalize or provide any assets to CAFE OPEHLIA; and
   g. Diverted assets from CAFE OPHELIA to themselves to the detriment of creditors, including Plaintiffs and other employees.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

16. Plaintiffs re-allege and incorporate paragraphs 1-15 as if fully stated herein.
17. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.
18. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

19. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that an employee not paid such payments can recover any monies owed by civil action.

20. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs, in amount to be determined at trial.

21. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

22. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

23. Pursuant to Labor Code Section 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred by them in this action.

**COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PROPERLY PAY OVERTIME WAGES**

24. Plaintiffs re-allege and incorporate paragraphs 1-23 as if fully stated herein.

25. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered by virtue of Plaintiffs' direct engagement in interstate commerce.

26. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

27. Although Plaintiffs were not so exempt during employment OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, and Does 1-10 defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rates of pay.

28. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

29. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

30. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

31. Defendants therefore owe Plaintiffs the amount of overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

32. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

33. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-32 as if fully stated herein.

34. At the time of Plaintiffs' employments with OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, and Does 1-10 were terminated; defendants owed Plaintiffs certain unpaid overtime wages in amount previously alleged.

35. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

36. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

37. Pursuant to Labor Code Section 218.5, Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

38. Pursuant to Labor Code Section 218.6, Plaintiffs request that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

**COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES**

39. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-38 as if fully stated herein.

40. At all times relevant herein, Plaintiffs' employment with OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, and Does 1-10 was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

41. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

42. During the period Plaintiffs were employed with OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, and Does 1-10, defendants failed to pay Plaintiffs legally required

overtime pay to which they were legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiffs.

43. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

44. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

45. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

46. Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226
### INADEQUATE PAY STATEMENTS

47. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-46 as if fully stated herein.

48. California Labor Code Section 226 provides that all employers shall provide to an employee accurate and complete wage statements including, but not limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages

earned, the dates for which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

49. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and 100$ for each inadequate statement thereafter.

50. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

51. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

52. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

53. Plaintiffs are therefore legally entitled to recover actual damages caused by defendants' failure to provide proper records, in an amount to be determined at trial.

54. Plaintiffs have incurred costs and fees in bringing this action and seek to recover such costs under California Labor Code §226.

## COUNT SIX: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7
## FAILURE TO PROVIDE MEAL AND REST PERIODS

55. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-54 as if fully stated herein.

56. At relevant times herein, Plaintiffs' employment was subject to the provisions of California Labor Code §226.7, which requires employers to provide an employee a ten-

minute rest period for every four hours worked, and a thirty-minute meal period for every five hours worked, unless expressly exempt.

57. During their employment with Defendants, Plaintiffs worked in excess of five hours per day, and was not provided a ten-minute rest or thirty-minute meal period as required by law.

58. For each time that the Plaintiffs were not provided the required rest/meal period, they are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

59. Plaintiffs are therefore entitled to payment, in an amount to be proven at trial, for each rest period that Defendants failed to provide.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

60. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined at trial;

61. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

62. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

63. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

64. For damages for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

65. For damages for defendants' failure to provide meal/rest periods pursuant to California Labor Code Section 226.7 in an amount to be determined by trial;

66. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

67. Plaintiffs ask the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

68. For costs of suit herein; and

69. For such other and further relief as the Court may deem appropriate.

Dated: November 9, 2007

By: /s/ Adam Wang
Adam Wang
Attorney for Plaintffs