ADAM WANG, bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| MING-GUI LI, CHI-POE HSUEH, KING KENUNG LAM, GUAN YU LI, YEN SHIUNG HUANG<br><br>Plaintiffs,<br><br>vs.<br><br>OKRA Inc., dba CAFE OPHELIA, HSIU YUN HUANG, does 1-10<br><br>Defendants | Case No.: C07-5731 PVT<br><br>PLAINTIFFS' MOTION TO CONTINUE THE DEADLINE TO FILE THE MOTION FOR LEAVE TO AMEND COMPLAINT & [PRPOPOSED] ORDER THEREON |
|---|---|

Pursuant to Civil Local Rule 6-3, Plaintiffs move to continue the current deadline to file motion for leave to file the amended complaint as follows:

### I. BACKGROUND INFORMATION ABOUT DEFENDANTS

Plaintiffs were employed by Okra Inc. that owned and operated several upscale Chinese restaurants in Bay Area.  Okra had a universal practice of paying workers a fixed salary but requiring workers to regularly work substantial overtime.  For some workers who were employed on hourly basis, Okra simply paid these workers straight rate despite the fact they worked in excess of 8 hours a day or 40 hours a week on regular basis.

Okra was owned by certain individuals who, according to Plaintiffs' preliminary researches, have substantial real estate holdings throughout the Bat Areas, either directly or through controlled entities.  Since 2006 or 2007, Okra apparently became aware the exposure arising out of its payroll practice, and started settling off its restaurants.  According to

information, it sold its store in store for over $350,000; and its store in Fremont for over $400,000.

On the files of the Secretary of State, a Hsiu Yun Huang was listed for all offices of Okra Inc., including Chief Executive Officer, Chief Financial Officer, Secretary, and sole member Board of Directors, as well as the Agent for Service of Process.

## II. THIS ACTION AND PROCEDURAL BACKGROUND

Plaintiffs filed this action on November 13, 2007, naming Okra Inc., and individual Hsiu Yun Huang. Defendants did not appear until February 22, 2008. At the Initial Case Management Conference on March 4, 2008, counsel for Defendants Bing Rui informed this Court and Plaintiffs that Defendants were in the process of gathering information for purpose of initial disclosures and for negotiating a resolution of this case. However, no disclosures have been turned over by Defendants.

On April 29, 2008, Plaintiffs' counsel called Ms. Rui inquiring about the status of the promised disclosures and mediation. Ms. Rui informed that Defendant Hsiu Yun Huang, who is the only individual currently named on the Complaint, was of the position that the Okra Inc. had been dissolved, and she does not have any assets to satisfy any potential judgment against her, and thus is not willing to commit any funds necessary for the counsel to represent Defendants in this case. Ms. Rui thus informed Plaintiffs counsel that if Defendants still do not commit the necessary retainer shortly, she anticipates a motion to withdraw as Defendants' counsel.

Plaintiffs have proceeded to serve the discoveries on Defendants' counsel and subpoena records from third parties, most of which designed to solicit information on the identity of real owners behind the Okra Inc. A notice was also served for a deposition of Defendant Hsiu Yun Huang on May 9, 2008. It is not all clear that given the current posture of the case, Ms. Huang would comply and show up as noticed.

MOTION TO CONTINUE DEADLINE TO FILE MOTION FOR LEAVE TO AMEND THE COMPLAINT
Li, et al v. Okra Inc. et al.

### III. A SHORT EXTENSION IS NECESSARY FOR PLAINTIFFS TO OBTAIN MEANINGFUL RECOVERY

Currently, the Court set the deadline of May 16, 2008 for Plaintiffs to amend the Complaint to add additional defendants. Given the apparent efforts on the part of the Okra's owners to transfer and hide assets in attempts to avoid liabilities, adding the real owners of Okra is necessary for Plaintiffs to obtain meaningful recovery. Therefore, Plaintiffs request that the Court grant a short extension of the deadline from May 16, 2008 to June 30, 2008 to file a motion to amend the complaint to allow Plaintiffs to discover and verify the identity of the real owners of Okra Inc.

The 45-day short extension requested would not affect the current case management schedule. The factual discovery does not cutoff until September 30, 2008, the trial is not until December 1, 2008. As this is a simple wage and hour case where the violations are documented and liability is unlikely to be disputed, a short extension of 45 days of adding additional defendants would not affect the timeline of the current Case Management Order. Nor would it cause any prejudice to any party.

Finally, on May 2, 2008, Plaintiffs' counsel had a telephone conversation with the Defendants' counsel Jeffery Chen on this motion. Mr. Chen informed that as Defendants have not paid any retainer, they are not supposed to do any work in this case. As such, Plaintiffs do not anticipate Defendants would file any opposition to this motion.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and accurate.

DATED: May 3, 2008

By: /s/ Adam Wang
ADAM WANG
Attorneys for Plaintiffs

---

### [PROPOSED] ORDER

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT the deadline for Plaintiffs to file a motion for leave to amend the complaint is hereby extended June 30, 2008.

1  IT IS SO ORDERED.

2  Dated:  May ___, 2008                    By:  _____
3                                                Patricia V. Trumbull
                                                 United States Magistrate Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MOTION TO CONTINUE DEADLINE TO FILE MOTION FOR LEAVE TO AMEND THE COMPLAINT
Li, et al v. Okra Inc. et al.