ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 421-3403
Fax: (408) 416-0248

Attorney for Plaintiffs

UNITED STATE DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| MING-GUI LI, CHI-POE HSUEH, KING KENUNG LAM and YEN SHIUNG HUANG<br><br>Plaintiffs,<br><br>vs.<br><br>OKRA Inc., dba CAFE OPHELIA, HSIU YUN HUANG, does 1-10<br><br>Defendants | Case No.: .: C07-5731 PVT<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR LEAVE TO FILE THE FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 12, 2008<br>Time: 10:00 AM<br>Courtroom: Honorable Patricia V. Trumbull |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on August 12, 2008, at 10:00 a.m., or as soon as counsel may be heard by the above-referenced Court, in the courtroom of the Honorable Patricia V. Trumbull, Plaintiffs will and hereby do move the Court for leave to file a Fourth Amended Complaint.

This motion seeks an order granting plaintiffs leave to file a Fourth Amended Complaint to (1) add Jeffery Hung, Hung Chinche, Chang Sheena and Chen Che Huang as new defendants under FLSA, and under the theory of piercing the corporate veil of defendant Okra Inc.; (2) allege a new cause of action for civil penalties under Labor Code § 558 to hold corporate officers liable for unpaid wages under California Law pursuant to Labor Code Private

Attorney General's Act, § 2699, *et seq*. (¶ ¶ 60-66, FAC); (3) allege a new cause of action for fraudulent conveyance (¶ ¶ 67-70, FAC); and (4) allege a new cause of action for unlawful distributions of dividends in violation of Corporations Code § § 500 & 501 (¶ ¶ 71-79, FAC).

This motion is based on this Notice of Plaintiff's First Motion for Leave to File the First Amended Complaint; Memorandum of Points and Authorities in Support Thereof, the Declaration of Adam Wang in Support of Motion for Leave to File the First Amended Complaint and the Proposed First Amended Complaint attached hereto as <u>Exhibit 1</u>, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

## POINTS & AUTHORITIES

### I.      INTRODUCTION

Plaintiffs Ming-Gui Li, Chi-Poe Hsueh, King Kenung Lam, and Yen Shiung Huang respectfully move this Court for leave to file a First Amended Complaint ("FAC") to: (1) add Jeffery Huang, Huang Chinche, Chang Sheena and Chen Che Huang as new defendants under FLSA and under the theory of piercing the corporate veil of defendant Okra Inc.; (2) allege a new cause of action for civil penalties under Labor Code § 558 to hold corporate officers liable for unpaid wages under California Law pursuant to Labor Code Private Attorney General's Act, § 2699, *et seq*. (¶ ¶ 60-66, FAC); (3) allege a new cause of action for fraudulent conveyance (¶ ¶ 67-70, FAC); and (4) allege a new cause of action for unlawful distributions of dividends in violation of Corporations Code § § 500 & 501 (¶ ¶ 71-79, FAC).

### II.     FACTS AND PROCEDURAL BACKGROUNDS

Plaintiffs were employed by Okra Inc. that owned and operated several upscale Chinese restaurants in Bay Area. Okra had a universal practice of paying workers a fixed salary but requiring workers to regularly work substantial overtime. For some workers who were employed on hourly basis, Okra simply paid these workers straight rate despite the fact they worked in

excess of 8 hours a day or 40 hours a week on regular basis.

Okra was owned by certain individuals who, according to Plaintiffs' preliminary researches, have substantial real estate holdings throughout the Bat Areas, either directly or through controlled entities.  Since 2006 or 2007, Okra apparently became aware the exposure arising out of its payroll practice, and started selling off its restaurants.  According to information, it sold its store in Cupertino for over $350,000; and its store in Fremont for over $400,000.

On the files of the Secretary of State, a Hsiu Yun Huang, who is currently named as the individual defendant, was listed for all offices of Okra Inc., including Chief Executive Officer, Chief Financial Officer, Secretary, and sole member Board of Directors.  However, according to Plaintiffs' informal investigation, at least at some point, Jeffery Huang, Huang Chinche, Chang Sheena and Chen Che Huang were presented to be corporate officers holding the offices of corporate President and Vice President.

Plaintiffs filed a complaint against defendant Okra Inc., alleging, among other things, unpaid overtime, and seeking compensatory damages, liquidated damages and other penalties under both Fair Labor Standards Act ("FLSA") and California Labor Code.

In its Case Management Order, the Court set May 16, 2006 as the deadline for Plaintiffs to file motion for leave to file amended complaint.  On May 7, 2008, this Court granted Plaintiffs an extension of the deadline to file a motion for leave to file amended complaint to June 30, 2008.  On June 30, 2008, this Court again granted an one-day extension to file such motion.

According to the information, Oka Inc. has sold all its restaurants.  According to Secretary of State, Okra Inc. was dissolved in 2000.  Given the questionable solvency of the corporate defendant, Plaintiffs respectfully request that this Court grant Plaintiffs' this timely motion for leave to amend.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
Li, et al. v. Okra Inc., et al.
                                         3                        Case No.:C07-5731 PVT

### III. ARGUMENT

#### A. Rule 15 Is Liberally Applied

"Rule 15's policy favoring amendments to pleadings should be applied with `extreme liberality." DCD Programs, Ltd. v. Leihgton, 833 F.2d 183, 186 (9th Cir. 1987). The underlying purpose of Rule 15 is to "facilitate decision on the merits rather than on the pleadings or technicalities." Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). It is the party opposing the motion to amend that "bears the burden of demonstrating that a substantial reason exists to deny leave to amend." State of Cal. ex rel. Mueller v. Walgreen Corp., 175 F.R.D. 631, 637 (N.D. Cal. 1997) (citing Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)). "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner, 868 F.2d at 407.

Because this case is till in its early stage, and parties are yet to undertake their serious efforts in discovery, the addition of additional defendants and three new liability theories based on FLSA employer including corporate officers having control over Plaintiffs' work condition and work situation, extended liability to corporate officers under Labor Code § 558, and shareholders' liability under Corporations Code §§ 500 & 501 will not extend discovery deadline or jeopardize the trial date. Accordingly, no substantial reason exists to deny leave to amend.

#### B. Plaintiffs May Not Prove the Proposed Amendments Are Futile

In light the strong policy favoring leave to amend under Rule 15, absent showing that the amendments sought would be futile, there is no reason that plaintiffs should not be granted to leave to amend. Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999). As defendants are unable to make such a showing, the Court should allow plaintiffs to file the FAC.

### C. Plaintiff's Timely Amendment Will Not Prejudice Defendants in This Case.

As stated above, this Court has grated extension for Plaintiffs to file the FAC by July 1, 2008.

Further, Defendants will not be prejudiced by the addition of new defendants and pleading additional liability theories. Adding new defendant under FLSA will not require additional discovery. Furthermore, because the proposed addition of new defendants based on FLSA and Labor Code § 558 will not change the core of operative facts alleged in plaintiff's original complaint, defendants' ability to preserve documents and witness testimony, and prepare the case for trial has not been prejudiced one bit. The fraudulent conveyance theory and wrongful distributions of dividends in violation of Corporations Code § § 500 & 501 require scrutiny of Defendant Okra's financials, which is already required under the current operative Complaint on file which alleges alto ego liabilities. See Sierra Club v. Penfold, 857 F.2d 1307, 1315 (9th Cir. 1988) (recognizing that "once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added").

In any event, at this stage of litigation, Defendants have not taken any depositions, and have served one single discovery requests. As such, addition of new defendants and new liability theories will not prejudice defendants.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant Plaintiffs' leave to file the First Amended Complaint.

Dated:  July 1, 2008                           By: /s/ Adam Wang
                                                   Attorney for Plaintiffs