ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 S First Street, Suite 613
San Jose, CA 95113
Tel: 408-292-1040
Fax: 408-416-0248

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING-GUI LI, CHI-POE HSUEH, KING KENUNG LAM, YEN SHIUNG HUANG<br><br>     Plaintiffs,<br><br>   vs.<br><br>OKRA Inc., dba CAFE OPHELIA, HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA, CHEN CHE HUANG AND DOES 1-10<br><br>     Defendants | Case No: C07-5731 PVT<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1). Violation of California Labor Code Section 510; 2). Violations of the Federal Fair Labor Standards Act; 3). Violation of California Labor Code Section 201; 4). Violation of California Business and Professions Code Section 17200; 5). Violation of California Labor Code Section 226; 6). Violation of California Labor Code Section 226.7; 7). Private Attorney General's Act; under Labor Code § 2699 & 558;  8). Fraudulent Conveyance under Civil Code § 3439.04 and 3439.05; 9).Distribution of Dividends in Violation Corporations Code § § 500 & 501 |

**NATURE OF CLAIM**

1. This is an action on behalf of MING-GUI LI ("LI"), GUAN YU LI ("YU LI"), YEN SHIUNG HUANG ("HUANG"), CHI-POE HSUEH ("HSUEH") and KING KENUNG LAM ("LAM") all of whom had been employed on a salary basis by OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA AND CHEN CHE HUANG AND DOES 1-10 ("OPHELIA")

**FIRST AMENDED COMPLAINT**
<u>Li. et al. v. Okra Inc., et al</u>

1  DURING THE FOUR YEARS PRIOR TO THE FILING OF THIS COMPLAINT, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, failure to provide meal/rest periods under California Labor Code Section 226.7, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**PARTIES**

2. At all times relevant herein, Plaintiff LI is an individual resident of San Jose, California.
3. At all relevant times herein, Plaintiff HSUEH is an individual resident of San Francisco, California.
4. At all relevant times herein, Plaintiff YU LI is an individual resident of San Jose, California.
5. At all relevant times herein, Plaintiff HUANG is an individual resident of San Jose, California.
6. At all times relevant herein, Plaintiff LAM is an individual resident of San Jose, California.
7. At all times relevant herein, Defendant OPHELIA is a business of unknown organizational structure in Milpitas, California.
8. Individual Defendants HSIU YUN HUANG JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA, CHEN CHE HUANG and DOES 1-10, at all times relevant herein,

are, according to information and belief, officers, owners, or employees of OKRA INC., dba CAFE OPHELIA, having control over the Plaintiffs' work conditions and work situations.

## GENERAL ALLEGATIONS

9. At all times relevant herein, Plaintiffs were employees of defendants OKRA INC., dba CAFE OPHELIA, a restaurant.

10. Plaintiffs were according to information and belief, employees of Defendants acting in the normal course and scope of employment duties with Defendants.

11. During the course of Plaintiffs' employment with OKRA INC., dba CAFE OPHELIA, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

12. Plaintiffs were paid on salaries.

13. Plaintiffs did not perform "exempt" duties in their position with OKRA INC., dba CAFE OPHELIA and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs were not even marginally responsible for management or administrative functions, and their primary jobs did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

14. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of OKRA INC., dba CAFE OPHELIA where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate

1  in the development of general administrative policies of OKRA INC., dba CAFE
2  OPHELIA.
3  15. Individual defendants HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE,
4  CHANG SHEENA, CHEN CHE HUANG and DOES 1 through 10, inclusive, are
5  liable for the acts of CAFE OPHELIA as the alter egos of CAFE OPHELIA.
6  Recognition of the privilege of separate existence would promote injustice because these
7  individual defendants have in bad faith dominated and controlled CAFE OPHELIA.
8  Plaintiffs are informed and believe, and thereon allege, that Defendants DOES 1 through
9  10, inclusive, have:

   a. Commingled funds and other assets of CAFE OPHELIA and their funds and other assets for their own convenience and to assist in evading the payment of obligations;
   b. Diverted funds and other assets of CAFE OPHELIA to other than corporate uses;
   c. Treated the assets of the CAFE OPHELIA as their own;
   d. Failed to obtain authority to issue shares or to subscribe to issue shares of CAFE OPHELIA;
   e. Failed to maintain minutes or adequate corporate records of CAFE OPHELIA;
   f. Failed to adequately capitalize or provide any assets to CAFE OPEHLIA; and
   g. Diverted assets from CAFE OPHELIA to themselves to the detriment of creditors, including Plaintiffs and other employees.

**COUNT ONE**
*Violation of California Labor Code Section §510*
*Failure to Properly Pay Overtime Wages*

16. Plaintiffs re-allege and incorporate paragraphs 1-15 as if fully stated herein.
17. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the

**FIRST AMENDED COMPLAINT**
<u>Li. et al. v. Okra Inc., et al</u>

1                                    Case No. C07-5731 PVT

rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

18. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

19. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that an employee not paid such payments can recover any monies owed by civil action.

20. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs, in amount to be determined at trial.

21. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

22. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

23. Pursuant to Labor Code Section 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred by them in this action.

### COUNT TWO
*Violation of Fair Labor Standards Act*
*Failure to Properly Pay Overtime Wages*

24. Plaintiffs re-allege and incorporate paragraphs 1-23 as if fully stated herein.

25. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered by virtue of Plaintiffs' direct engagement in interstate commerce.

26. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

**FIRST AMENDED COMPLAINT**
**Li. et al. v. Okra Inc., et al**

1                           Case No. C07-5731 PVT

27. Although Plaintiffs were not so exempt during employment OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA, CHEN CHE HUANG and Does 1-10 defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rates of pay.

28. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

29. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

30. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

31. Defendants therefore owe Plaintiffs the amount of overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

32. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

### COUNT THREE
*Violation of California Labor Code Section 201*
*Failure to Pay Wages Due And "Waiting Time" Penalties*

33. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-32 as if fully stated herein.

34. At the time of Plaintiffs' employments with OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, and Does 1-10 were terminated; defendants owed Plaintiffs certain unpaid overtime wages in amount previously alleged.

**FIRST AMENDED COMPLAINT**
**Li. et al. v. Okra Inc., et al**

1                               Case No. C07-5731 PVT

35. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

36. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

37. Pursuant to Labor Code Section 218.5, Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

38. Pursuant to Labor Code Section 218.6, Plaintiffs request that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

### COUNT FOUR
*Violation of Ca Business And Professions Code*
*Section 17200 Unfair Business Practices*

39. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-38 as if fully stated herein.

40. At all times relevant herein, Plaintiffs' employment with OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA, CHEN CHE HUANG and Does 1-10 was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

41. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code §

**FIRST AMENDED COMPLAINT**
**Li. et al. v. Okra Inc., et al**

1                                Case No. C07-5731 PVT

§17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

42. During the period Plaintiffs were employed with OKRA INC., dba CAFE OPHELIA, HSIU YUN HUANG, and Does 1-10, defendants failed to pay Plaintiffs legally required overtime pay to which they were legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiffs.

43. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

44. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

45. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

46. Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

**COUNT FIVE**
*Violation of California Labor Code Section 226*
*Inadequate Pay Statements*

47. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-46 as if fully stated herein.

**FIRST AMENDED COMPLAINT**
<u>Li. et al. v. Okra Inc., et al</u>

1          Case No. C07-5731 PVT

48. California Labor Code Section 226 provides that all employers shall provide to an employee accurate and complete wage statements including, but not limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

49. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and 100$ for each inadequate statement thereafter.

50. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

51. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

52. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

53. Plaintiffs are therefore legally entitled to recover actual damages caused by defendants' failure to provide proper records, in an amount to be determined at trial.

54. Plaintiffs have incurred costs and fees in bringing this action and seek to recover such costs under California Labor Code §226.

**COUNT SIX**
*Violation of California Labor Code Section 226.7*
*Failure To Provide Meal And Rest Periods*

55. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-54 as if fully stated herein.

**FIRST AMENDED COMPLAINT**
Li. et al. v. Okra Inc., et al

1                           Case No. C07-5731 PVT

56. At relevant times herein, Plaintiffs' employment was subject to the provisions of California Labor Code §226.7, which requires employers to provide an employee a ten-minute rest period for every four hours worked, and a thirty-minute meal period for every five hours worked, unless expressly exempt.

57. During their employment with Defendants, Plaintiffs worked in excess of five hours per day, and was not provided a ten-minute rest or thirty-minute meal period as required by law.

58. For each time that the Plaintiffs were not provided the required rest/meal period, they are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

59. Plaintiffs are therefore entitled to payment, in an amount to be proven at trial, for each rest period that Defendants failed to provide.

**COUNT SEVEN**
*Civil Penalty under Labor Code § 558*
*Labor Code § 2699, et seq.*

60. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-59 as if fully stated herein.

61. Defendant OKRA INC. at all times relevant herein is and was subject to California Labor Code §558. California Labor Code § 558 authorizes to recover from an employer or other person who had acted on behalf of an employer and caused various violation of Labor Code to which § 558 applied as civil penalties for unpaid wages to employees, and fines of $50 for each unpaid employee for each pay period for the initial violation and $100 for each unpaid employee for each pay period for any subsequent violations.

62. Defendants HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA, and CHEN CHE HUANG are the owners and officers of Defendant and

have had acted on behalf of an employer OKRA INC., causing the violations of various labor code provisions as alleged herein.

63. By failing to pay Plaintiffs overtime due and meal and rest period premiums as alleged herein, Defendants HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA, and CHEN CHE HUANG are liable for penalties prescribed under Labor Code § 558.

64. Pursuant to California Labor Code § 2699.3(a)(1), Plaintiffs had given written notice by certified mail to California Labor and Workforce Development Agency and Defendants, alleging the violations of California Labor Code §510 in refusing to pay overtime due, § 226.7 for refusal of meal and rest periods, including the facts and theories that support the alleged violations.

65. California Labor and Workforce Development Agency and Defendants issued a letter indicating that the agency does not intend to investigate into the alleged violations by Defendants.

66. Having satisfied the requirements of California Labor Code § 2699.3(a), pursuant to California Labor Code § 2699, Plaintiffs, on their own behalf, hereby seek all unpaid wages owed and penalties provided by California Labor Code § § 558 for the violations alleged herein in respective amounts to be proved at trial.

## COUNT EIGHT
*Fraudulent Conveyance*
*Civil Code § 3439.04 & § 3439.05*

67. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-66 as if fully stated herein.

68. According to information and belief, Defendant CAFÉ OPHELIA had received substantial amount of cash proceeds in the course of its restaurant business over years since its inception. Instead of counting such cash receipts as its corporate assets and entering such cash receipts on its corporate books, Defendant CAFÉ OPHELIA had

allowed and permitted and continues to allow and permit Defendants HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA, and CHEN CHE HUANG to take such cash proceeds directly from cash register, and diverted such corporate assets to their personal use without requiring them to pay adequate consideration.

69. Such siphoning of corporate funds had rendered Defendant CAFÉ OPHELIA insolvent in that Defendant CAFÉ OPHELIA is and was left without sufficient funds to meet its obligation for wages owed to its employees . As such, the diversion of cash proceeds from Defendant CAFÉ OPHELIA constitutes fraudulent conveyance under California Civil Code § § 3439.04 and 3439.05.

70. Therefore, Plaintiffs are entitled to judgment recovering cash amounts diverted from Defendant CAFÉ OPHELIA to Defendants HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA, CHEN CHE HUANG.

### COUNT NINE
*Unlawful Dividends*
*In Violation of Corporations Code §§ 500 & 501*

71. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-70 as if fully stated herein.

72. At all times relevant herein, Defendant CAFÉ OPHELIA is and was subject to Corporations Code § § 500 and 501.

73. Corporations Code § 500 prohibits distribution of dividends to shareholders when the amount of the corporation's retained earnings immediately prior the distribution is less than the amount of the proposed distribution.

74. According to information and belief, Defendant Café Ophelia had made series of distributions of dividends to its shareholders when the amount of the corporation's retained earnings immediately prior the distribution was less than the amount of the distribution.

---

**FIRST AMENDED COMPLAINT**
<u>Li. et al. v. Okra Inc., et al</u>

                        1                        Case No. C07-5731 PVT

75. Corporations Code § 500 also prohibits distribution of dividends if immediately after the distribution, either (i) the sum of the assets of the corporation (exclusive of goodwill, capitalized research and development expenses and deferred charges) would be at least equal to 11/4 times its liabilities (not including deferred taxes, deferred income and other deferred credits); or (ii) the current assets of the corporation would be less than its current liabilities.

76. According to information and belief, Defendant Café Ophelia had made series of distributions of dividends to its shareholders that had rendered its sum of assets (exclusive of goodwill, capitalized research and development expenses and deferred charges) dip below 11/4 times its liabilities (not including deferred taxes, deferred income and other deferred credits); and/or such distributions had caused CAFÉ OPHELIA'S current assets to dip below its current liabilities.

77. Furthermore, Corporations Code § 510 prohibits distribution of dividends if such distribution would likely render the corporation unable to meet its liabilities when due.

78. According to information and belief, Defendant CAFÉ OPHELIA had made series of distributions of dividends to its shareholders, and at the time of such distributions, it was reasonable to conclude that such distributions would likely to render CAFÉ OPHELIA unable to meet its liabilities including the wages owed to Plaintiffs.

79. Accordingly, Plaintiffs are entitled to dividends from Defendants **HSIU YUN HUANG, JEFFERY HUANG, HUANG CHINCHE, CHANG SHEENA, CHEN CHE HUANG** so wrongfully distributed to the extent of the judgments as result of this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined at trial;
2. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;
3. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;
4. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;
5. For damages for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;
6. For damages for defendants' failure to provide meal/rest periods pursuant to California Labor Code Section 226.7 in an amount to be determined by trial;
7. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);
8. Plaintiffs ask the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;
9. For costs of suit herein; and
10. For such other and further relief as the Court may deem appropriate.

Dated: July 1, 2008                                By: /s/ Adam Wang
                                                       Adam Wang
                                                       Attorney for Plaintiffs

**FIRST AMENDED COMPLAINT**
**Li. et al. v. Okra Inc., et al**

1                                    Case No. C07-5731 PVT